SULLY v. TIFFANY & CO.   (No. 5903.)

(Supreme Court, Appellate Division, First Department.  May 29, 1914.)

PLEADING (§ 326*)—BILL OF PARTICULARS.
    Defendant having been granted one bill of particulars concerning plaintiff's first cause of action, and the same having been furnished, and the cause of action never having been changed, defendant was not entitled to a further bill concerning immaterial allegations, which it would not be necessary for plaintiff to prove, and which in all other respects related to mere matters of evidence.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 990–992; Dec. Dig. § 326.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Emma F. Sully against Tiffany & Co. From an order granting defendant's motion for a further bill of particulars, plaintiff appeals. Reversed, and motion denied.

See, also, 158 App. Div. 931, 143 N. Y. Supp. 1145; 147 N. Y. Supp. 1144.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

John J. Lordan, of New York City, for appellant.
Chester A. Jayne, of New York City, for respondent.

LAUGHLIN, J. This is an action for the conversion of certain personal property, consisting of jewelry. The trial of the issues in the action have been unreasonably delayed by applications to the court for relief in a variety of forms, and by appeals on questions not involving the merits.

The amended complaint contained two counts for the same relief. After the defendant interposed an answer, the plaintiff, by order of the court, served a reply to the first defense therein pleaded. The defendant then applied for an order requiring the plaintiff to file and serve a verified bill of particulars of her claims in both counts, in so far as defendant desired such particulars. That motion was granted, and the plaintiff fully complied with the order. The defendant then moved for judgment on the pleadings. The motion was denied as to the first cause of action pleaded, but granted as to the second. The defendant then moved for leave to serve an amended answer to the first cause of action in the amended complaint. The motion was granted, and the amended answer was served, and the plaintiff replied thereto. The defendant again made a motion for judgment on the pleadings. That motion was denied, and the order was affirmed on appeal to this court, and a motion by defendant for leave to appeal to the Court of Appeals was denied.

Pending that appeal to this court, defendant moved for a further bill of particulars of the plaintiff's first cause of action, which had undergone no change since the first motion for a bill of particulars of both counts was made and granted. In the main, the particulars *now* desired are of matters relating to immaterial allegations, which it will not be necessary for plaintiff to prove; and in all other respects the demand for particulars relates to matters of evidence. There is no precedent for granting a bill of particulars in a simple action in conversion, calling for particulars with respect to allegations which are plainly surplusage, and therefore immaterial. It is high time that the dilatory tactics in this action should cease, and that the parties should present the merits of their litigation for decision.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.